**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4622**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN ANTONIO DACOSTA,

Defendant - Appellant.

**No. 18-4623**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN ANTONIO DACOSTA,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Loretta C. Biggs, District Judge. (1:17-cr-00227-LCB-1; 1:17-cr-00343-LCB-1)

Submitted: June 25, 2019                                        Decided: July 3, 2019

Before MOTZ and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

———————————

No. 18-4622, affirmed in part, vacated in part, and remanded; No. 18-4623, affirmed by unpublished per curiam opinion.

———————————

Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Stephen T. Inman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Antonio Dacosta pled guilty, pursuant to a plea agreement, to a one-count information charging him with possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) (2012). As a result of this new criminal activity, the district court also revoked Dacosta's term of supervised release. The court originally sentenced Dacosta to 96 months' imprisonment for the marijuana-trafficking conviction and imposed a 60-month consecutive revocation sentence. Dacosta appealed both sentences. Upon the parties' joint motion, we remanded for resentencing in light of *United States v. Blue*, 877 F.3d 513 (4th Cir. 2017), in which we held that a sentencing court's failure to address the defendant's nonfrivolous arguments for a downward departure renders the sentence procedurally unreasonable.

On remand, the district court sentenced Dacosta to 88 months' imprisonment for the marijuana-trafficking conviction and imposed a 60-month consecutive revocation sentence. Dacosta appeals both sentences once again. Dacosta's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Dacosta's sentences are substantively reasonable. Dacosta was advised of his right to file a pro se supplemental brief, but he did not do so.

After reviewing the record pursuant to *Anders*, we identified potentially meritorious issues involving the following special condition of supervised release:

> [Dacosta] shall not associate with or be in the company of any gang member/security threat member, including but not limited to La Puente. [Dacosta] shall not frequent any locations where gang/security threat

3

members congregate or meet. [Dacosta] shall not wear, display, use or possess any clothing or accessories which have any gang or security threat group significance.

We ordered the parties to submit supplemental briefs addressing: (1) whether the district court procedurally erred by failing to explain its imposition of this gang-related supervised release condition; and (2) whether this gang-related supervised release condition is substantively reasonable.

## I.

We first address the issue raised in the *Anders* brief—whether Dacosta's sentences are substantively reasonable. We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *Blue*, 877 F.3d at 517. A sentence within or below a properly calculated Guidelines range is presumed substantively reasonable. *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017). A defendant can rebut that presumption only by demonstrating "that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." *Id.* at 357-58 (internal quotation marks omitted).

We conclude that Dacosta cannot rebut the presumption that his within-Guidelines sentence for the marijuana-trafficking conviction is substantively reasonable. The district court carefully balanced the mitigating factors—Dacosta's GED, his extremely difficult childhood, and his exemplary prison record, among other things—with the aggravating factors—his substantial and lengthy criminal history, his destruction of evidence during an eight-hour standoff, the quantity of drugs and firearms discovered by officers despite

4

the destruction of some evidence, his injury to the community, and the failure of his prior lengthy term of imprisonment to deter him from engaging in similar criminal behavior.

We now turn to Dacosta's revocation sentence. "A district court has broad discretion when imposing a sentence upon revocation of supervised release," and "[w]e will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (internal quotation marks omitted). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (brackets and internal quotation marks omitted). "A sentence within the policy statement range is presumed reasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted).

We conclude that Dacosta has not rebutted the presumption that his revocation sentence, which is within his policy statement range, is substantively reasonable. The district court stated proper reasons for imposing the revocation sentence, explaining that Dacosta had breached the court's trust by committing another felony after being accorded leniency in the prior federal sentencing proceedings. *See Webb*, 738 F.3d at 641 (recognizing that revocation sentences "should sanction primarily the defendant's breach of trust" (internal quotation marks omitted)). The court recognized that Dacosta's childhood was tragic but explained that it must also consider the need to protect the community from Dacosta, who had committed crimes for over half his life. The court also reasonably directed the revocation sentence to run consecutively to the sentence for

5

the marijuana-trafficking conviction. *See United States v. Coombs*, 857 F.3d 439, 451 (1st Cir. 2017) (concluding that there is no legal impediment to imposing consecutive revocation sentence when "conduct committed by a person while on supervised release transgresses the criminal law as well as the conditions of supervision" and explaining that, "[w]ere the rule otherwise, a defendant would effectively escape meaningful punishment for violating his supervised release conditions").

II.

We next consider the issue addressed in the parties' supplemental briefs—whether the gang-related condition of supervised release is reasonable. Because Dacosta "did not challenge the special conditions of supervised release before the district court," our review is for plain error. *United States v. Ross*, 912 F.3d 740, 746 (4th Cir. 2019), *petition for cert. filed*, No. 18-9654 (U.S. June 13, 2019). "Under the plain error standard, this Court will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). An error is plain "if the settled law of the Supreme Court or this circuit establishes that an error has occurred." *Ross*, 912 F.3d at 746 (internal quotation marks omitted).

The conditions of supervised release must be "reasonably related to" certain sentencing factors, 18 U.S.C. § 3583(d)(1) (2012), including "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need "to afford adequate deterrence to criminal conduct[,] . . . to protect the public from

further crimes of the defendant," and to provide effective correctional treatment for the defendant, 18 U.S.C. § 3553(a)(1), (2)(B)-(D). "[T]he sentencing court must also ensure that the condition 'involves no greater deprivation of liberty than is reasonably necessary' to serve these sentencing goals, 18 U.S.C. § 3583(d)(2) [(2012)], and that it 'is consistent with any pertinent policy statements issued by the Sentencing Commission,' 18 U.S.C. § 3583(d)(3) [(2012)]." *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017).

"District courts have broad latitude to impose conditions on supervised release," but we "will carefully scrutinize unusual and severe conditions." *United States v. Armel*, 585 F.3d 182, 186 (4th Cir. 2009) (internal quotation marks omitted). Although a special condition of supervised release "does not require an offense-specific nexus, . . . the sentencing court must adequately explain its decision and its reasons for imposing it." *Douglas*, 850 F.3d at 663 (internal quotation marks omitted); *see also Ross*, 912 F.3d at 745-46 ("The requirement that the district court adequately explain Ross's term of confinement similarly applies to the special conditions of his supervised release.").

Dacosta argues that the court's imposition of the gang-related condition of supervised release is procedurally unreasonable because the court failed to explain its reasons for imposing the condition. The Government counters that the probation officer's explanation in the presentence report (PSR), combined with the context provided at both sentencing hearings, offers sufficient information for us to meaningfully review the propriety of the gang-related condition of supervised release.

We have recently held that a court's failure to explain a special condition of supervised release constituted procedural plain error, even when the condition was

7

recommended by the probation officer. *Ross*, 912 F.3d at 742, 746. We remarked that the court's "lack of explanation contravenes the law of this circuit" and that the "error is not harmless" because "the settled law of this circuit" establishes that the defendant "has a right to know why he faces special conditions that will forever modify the course of his life." *Id.* at 746.

The district court here did not explain its reasons for imposing the gang-related supervised release condition. The PSR outlined some of Dacosta's prior interactions with gang members and stated that the condition was appropriate because Dacosta had admitted being a member of a gang in the past. But the court did not indicate whether it agreed with the probation officer's reasoning or whether any of the other facts in the PSR or presented at sentencing rendered the gang-related condition appropriate. Accordingly, we conclude that the court procedurally erred by failing to explain its imposition of the gang-related supervised release condition. And because we so conclude, we need not address Dacosta's arguments regarding the substantive reasonableness of the condition. *See Ross*, 912 F.3d at 746 n.3.

## III.

We vacate the gang-related condition of supervised release and remand so that the court may sufficiently explain its reasons for imposing the condition. Of course, the court is free to reassess the propriety of the condition, but we express no opinion on that issue. We affirm the remainder of the sentences imposed on Dacosta's marijuana-trafficking conviction and the revocation of his term of supervised release.

8

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious issues for appeal. This court requires that counsel inform Dacosta, in writing, of the right to petition the Supreme Court of the United States for further review. If Dacosta requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dacosta.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*No. 18-4622, AFFIRMED IN PART, VACATED IN PART, AND REMANDED;*
*No. 18-4623, AFFIRMED*